**In the Matter of Richard M. MILLMAN.**
**No. 14836.**

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 1, 1971.

Decided March 15, 1971.

Michael Nussbaum, Washington, D.C. (Surrey, Karasik, Greene & Hill, Washington, D.C., on brief), for appellant.

David H. Hopkins, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, WINTER, Circuit Judge, and MILLER, District Judge.

WINTER, Circuit Judge:

In Sterling v. Blackwelder, No. 12,921 (Decided January 9, 1970), we affirmed the district court but remanded the case, requesting the district court to conduct a further inquiry in regard to allegations made in our court by Leroy J. Blackwelder, appellant, against Richard M. Millman, Esq., counsel for appellee, after Mr. Millman's response to our own inquiries was insufficient to allay Blackwelder's suggestion of misconduct. This the district court proceeded to do by requiring pleadings, by conducting a hearing in open court at which Mr. Millman was present and in which he participated, and by preparing a written report. During the course of the inquiry and shortly before the conclusion of the hearing, the district court suspended Mr. Millman from further appearance as an attorney in the Eastern District of Virginia. Mr. Millman had not theretofore been admitted to practice in that court and his appearance in the Sterling v. Blackwelder case and other litigation was by virtue of his association with local counsel as provided for in Local Rule No. 9(5) of that court. It is from that suspension order that this appeal is taken.

Upon timely application, a panel of this court stayed the district court's suspension order with regard to the Sterling v. Blackwelder case and other pending litigation in the Eastern District of Virginia until this appeal could be heard and decided. Following our stay and before we heard argument in this appeal, the district court's written report summarizing the facts disclosed at the hearing was completed and circulated. The report set forth some conditional recommendations, and it was circulated to the judges comprising the panel which heard the previous appeal, all counsel of record, the United States Attorney for the Eastern District of Virginia and the judges of that court.

Numerous points are raised on appeal, most of which we find it unnecessary to decide. A careful study of the record satisfies us that the appeal should be dismissed as moot, but we will comment on certain aspects of the hearing because of the high probability that subsequent proceedings arising therefrom may result.

I

The reasons for our conclusion that the appeal is moot follow: The order from which the appeal was taken is solely a docket entry, dated May 26, 1970, which reads: "The Court revokes Mr. Millman's privileges to appear in this court with or without local counsel." An examination of the record discloses that there was no formal, written order of the district court. There was only an oral order delivered from the bench at the conclusion of the hearing. The exact text of the order, as reflected by the transcript of the proceedings, follows:

The Court has terminated the hearing. There's no reason for further information. I will make my report, and *in the interim* in view of your unwillingness to cooperate with this Court you are barred from further proceeding in this Court either with or without a temporary hearing in view of the fact that you have not sufficiently related to the Court to ex-

plain a prima facie charge. (emphasis supplied.)

The district judge's use of the phrase "in the interim" satisfies us that the oral order, imperfectly entered on the docket by the clerk, was limited in duration until the date that the district judge filed his report with regard to the matters adduced at the hearing. That report was made before this appeal could be heard. Should there be any doubt concerning the import of the district judge's remarks, the doubt is removed by reference to the report. In it the district judge recited that upon termination of the inquiry, Mr. Millman was told in open court that a report to us would be made and "in the interim he would be barred from further appearing in this court with or without local counsel." It follows that the appeal is moot and should be dismissed. We note, however, that the effect of our stay was, for practical purposes, the full relief which the appeal, if successful, would have accomplished. This is so because there is no claim that Mr. Millman had any occasion during the period in question to appear in the Eastern District of Virginia except with regard to Sterling v. Blackwelder and other pending litigation in which, under our stay, he was authorized to appear.

## II

The burden of decision on those authorized to act as to whether to institute further proceedings based upon the facts and matters adduced in the inquiry we requested makes it appropriate for us to state our views with regard to Mr. Millman's contention that the district judge should have disqualified himself, upon Millman's affidavit of bias and prejudice, from conducting the inquiry. If the inquiry in this regard was tainted, manifestly, the fruits of the inquiry, upon which the decision would largely depend, would be open to serious question. We think that the district judge correctly declined to disqualify himself.

The affidavit, filed May 15, 1970, alleged three grounds for disqualification.

First, criticism of the conduct of Mr. Millman by the district judge in Gibbs v. Blackwelder, E.D.Va. Civil No 2757, in 1964 was set forth, together with our comment in Gibbs v. Blackwelder, 346 F.2d 943, 946, n. 2 (4 Cir. 1965), that we saw no basis for censure. Second, reference was made to our opinion in Freehill v. Lewis, 355 F.2d 46, 49 (4 Cir. 1966), in which we said that we discerned a conflict of personality in that case between Millman and the district judge. We did not suggest fault on the part of the district judge, and we declined to consider if there was fault on the part of counsel. Nevertheless, we concluded that further proceedings in that case should be conducted before another judge. Third, it was alleged that on May 13, 1970, after the instant inquiry was begun by the filing of a detailed statement by Mr. Blackwelder, an answer by Mr. Millman, responses by other parties, and the taking of a deposition, but two days before the inquiry in open court commenced, the district judge in a conference in chambers stated to Mr. Millman that "if you are innocent you are not acting like that to me."

We doubt that the first and second examples of alleged bias and prejudice can be stretched to fit fairly that description. But in any event their assertion was untimely. 28 U.S.C.A. § 144; Knoll v. Socony Mobil Oil Co., 369 F.2d 425 (10 Cir. 1966), cert. den., 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 138 (1967), reh. den., 386 U.S. 1043, 87 S.Ct. 1490, 18 L.Ed.2d 618 (1967), reh. den., 389 U.S. 893, 88 S.Ct. 18, 19 L.Ed.2d 212 (1967); In re Union Leader Corp., 292 F.2d 381 (1 Cir. 1961), cert. den., 368 U.S. 927, 82 S.Ct. 361, 7 L.Ed.2d 190 (1961); Bowles v. United States, 50 F.2d 848 (4 Cir. 1931), cert. den., 284 U.S. 648, 52 S.Ct. 29, 76 L.Ed. 550 (1931). They were known to Mr. Millman, a practicing attorney, for years prior to the filing of the affidavit. Moreover, from Mr. Millman's numerous appearances before us as counsel in appeals from the same district judge, we take notice that Mr. Millman has appeared

before him on numerous occasions after the events alleged without voicing objection. Lastly, we do not perceive sufficient correlation or relevance between the events of 1965–1966 and the alleged remark of May 31, 1970, so that it can be said that the latter revived the former and that they, in the aggregate, provided grounds to indicate prejudice and bias that could not have been asserted at an earlier date.

Viewed singly, we think the third alleged example of prejudice and bias insufficient to require disqualification. "The alleged bias and prejudice to be disqualifying must stem from an extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583, 86 S. Ct. 1698, 1710, 16 L.Ed.2d 778 (1966). The third example was a comment, on the pending case, *by its terms* derived from Mr. Millman's then present conduct in the inquiry into his past conduct—a proceeding in which the credibility of Mr. Millman might very well be a substantial issue. The *Grinnell* test was clearly not met.

It should be remembered that the district judge conducted the instant inquiry pursuant to the request contained in our mandate. It was proper for him to accede to our request and to treat the request as directed to him personally. He should not have recused himself unless and until good and sufficient reasons were presented. None was advanced here.

At the same time, we recognize that if any further proceedings for disciplinary action should be instituted against Mr. Millman, or if any attempt to reopen any of the facts and matters heretofore found and decided in the underlying case of Sterling v. Blackwelder should be made, or if any collateral relief should be sought, pertaining to the facts and matters explored at the inquiry, another judge should preside. This is so because the request in our mandate clothed the district judge with an investigatory function incompatible with the role of a presiding judicial officer in a proceeding resulting from the investigation. This is not to say, however, that the routine termination of the underlying case should be referred to another judge so long as it does not depend upon, or call into question, the matters explored at the inquiry.

### III

We conclude that it is unnecessary for us to consider Mr. Millman's other contentions: that the subject of the inquiry was vague and ambiguous, that it was tainted by an *ex parte* communication from a member of this Court to the district judge, that it was conducted unfairly and in violation of procedural and substantive due process, that a deposition—the Dworman deposition—was improperly considered, and that the entire proceedings were "shocking." We reach this conclusion because of the nature and limited function of the inquiry. Even if well-founded, we do not deem them, singly or collectively, sufficient to impugn the function of the proceedings as an inquiry.

What we requested the district judge to undertake was an inquiry—a species of investigation. He was not requested to conduct a trial or to adjudicate disputed questions of fact. Of course, had Mr. Millman given the cooperation which was not forthcoming, the charges may have been found to be baseless and, in that event, the inquiry would have constituted an adjudication. But the fact remains that there were pending against Mr. Millman no formal, official charges; there were pending only unsupported allegations that he may have engaged in wrongdoing in certain aspects of the underlying litigation. We made the request for the dual reasons that Mr. Millman did not avail himself of the opportunity we gave him to put the matter to rest and we, as an appellate court, were ill-equipped to pursue the matter further. *Cf.* In re Grimes, 364 F.2d 654 (10 Cir. 1966), cert. den., 385 U.S. 1035, 87 S.Ct. 775, 17 L.Ed.2d

682 (1967). The district judge developed sufficient facts, although not exhaustively because of Mr. Millman's lack of cooperation in presenting his version of the facts, from the sworn testimony of Blackwelder and others to indicate that Mr. Millman may have been the concealed purchaser at a judicial sale for which he subsequently urged judicial approval without disclosing his dual capacity and knowing that the property had a value far greater than that which he had bid. From the facts he obtained, the district judge concluded only that further proceedings should be considered; he made no adjudication of rights on the record he developed. If the facts as uncovered by the district judge are true, we have no doubt of the impropriety and illegality of this conduct. We are in agreement, therefore, with the conclusions of the district judge that consideration should be given to the institution of disciplinary action against Mr. Millman and of further proceedings to recover any unjust enrichment that Mr. Millman may have realized.

Not only were the district judge's conclusions conditional, in that he solicited the advice of his colleagues on the district court for the Eastern District of Virginia before referring his suggestions to persons authorized to act, but it is obvious that they are not self-executing. If disciplinary action is commenced against Mr. Millman, the record of the inquiry does not become the record to support the imposition of sanctions. If recovery for unjust enrichment is sought, a judgment or decree may not be entered on the record of the inquiry. Rather, in each instance, the proceedings must be conducted independently of the inquiry, and a record must be developed to support the final action ultimately taken. If new proceedings are begun, there is no reason to doubt that strict regard for procedural and substantive due process will be observed, that the applicable rules of evidence will be correctly applied, and that the proceedings will be conducted without prejudice, bias or improper influence. Should the termination of either proceeding, if any is commenced, be adverse to Mr. Millman, and should he believe that he has not been afforded all of the rights to which he was entitled, he will, of course, be able to avail himself of appellate review. But, it is in either or both of such proceedings, if begun, that we think Mr. Millman should litigate the various objections that he urges on us now, should they arise therein.

### IV

As a final matter, we take note that in compiling docket entries after the open court hearing in the inquiry, the Clerk of the district court began a new docket titled "In the Matter of Richard M. Millman," subtitled "Civil Contempt." Mr. Millman objects strenuousy to the subtitle, and we think with some justification.

The preparation of docket sheets is ordinarily a function solely that of the clerk. There is nothing before us to indicate that the clerk was directed by the court to employ the offending words. The United States Attorney who appeared before us agreed that the subtitle was a misnomer, and he stated that he would have no objection if the phrase were expunged. We do not question the exercise of discretion to set up a separate docket sheet so that the entries for what was a collateral matter should not become entwined with the entries for the main litigation, but we conclude that the subtitle should be expunged. With this expression of our views, we feel certain that the clerk will take appropriate action. If not, the district judge will direct it.

The appeal is dismissed, each side to bear its own costs.

Appeal dismissed.