**Ronald SINE; Larry Danner,
Plaintiffs–Appellants,**

v.

**LOCAL NO. 992 INTERNATIONAL BROTHERHOOD OF TEAMSTERS; Eastern Conference of Teamsters; Mitchell Transport, Inc., Defendants–Appellees.**

No. 88–3868.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 9, 1989.

Decided Aug. 24, 1989.

**914**

Harry Goldman, Jr. (Goldman & Skeen, P.A. on brief), for plaintiffs-appellants.

Hugh J. Beins, Jr. (Jonathan G. Axelrod, John R. Mooney, Beins, Axelrod & Osborne, P.C. on brief), for defendants-appellees.

Before ERVIN, Chief Judge, and RUSSELL and WIDENER, Circuit Judges.

WIDENER, Circuit Judge:

This case comes before us for the fourth time on an appeal from judgment on a jury verdict in favor of Local 992 and from a denial of appellants' motion for recusal of the district court judge. We find no merit in any of the arguments raised by Sine and Danner, and we affirm.

Ronald Sine and Larry Danner originally brought this suit, in 1978, charging their employer, Mitchell Transport, Inc., and Local No. 992 of the International Brotherhood of Teamsters, with breach of contract and breach of duty of fair representation. The labor dispute which prompted the suit began in 1971. Thus, the facts and procedural history of this case are somewhat long and involved. The facts surrounding the original dispute, as well as the complex procedural history, are set out in some detail in our opinions at 644 F.2d 997 (4th Cir.1981); 730 F.2d 964 (4th Cir.1984); and 790 F.2d 1095 (4th Cir.1986). We see no reason to repeat all those facts here and will refer to the relevant facts as necessary in our opinion.

Sine and Danner contend that the district judge erred by not recusing himself after a motion and affidavits were submitted pursuant to 28 U.S.C. § 144. Section 144 states in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

To serve as a basis for recusal under § 144, affidavits must be both "timely and sufficient." To be considered legally sufficient the affidavits must allege *personal* bias or prejudice caused by an extrajudicial source other than what the judge has learned or experienced from his participation in the case. *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966); *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir.1984); *Fitzgerald v. Penthouse International, Ltd.*, 691 F.2d 666, 672 (4th Cir.1982). As noted, the nature of the bias must be personal rather than judicial. *Shaw*, 733 F.2d at 308.

A judge against whom an affidavit under § 144 is filed must pass upon the legal sufficiency of the facts alleged. *Simmons v. United States*, 302 F.2d 71, 75 (3rd Cir.1962). It is equally his duty, however, to deny the relief claimed on account of the facts stated in the affidavit if they are legally insufficient, as it is to grant relief if they are sufficient. *Id.* Thus, while it may be error for a court to fail to pass on the legal sufficiency of a submitted affidavit, the error is not reversible if the affidavit is insufficient as a matter of law. *Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir.1979). The district judge in this case failed to explicitly rule on the legal sufficiency of the affidavits. Nevertheless, we hold that the judge did not commit reversi-

ble error in denying the motion for recusal without such a ruling because appellants' affidavits were insufficient as a matter of law.

The affidavits in question allege bias based on the judge's actions in this case and upon the receipt by the judge of an ex parte communication. The ex parte communication consists of a carbon copy of a letter written by William T. Gorbett, vice president of Mitchell Transport, in 1975 and sent to Harrison Lushbaugh, an official with Local 992, in response to a then recent inquiry from Lushbaugh to Mitchell. In the letter Gorbett stated that Mitchell Transport did not consider itself bound by, and it would not honor, a consent order which had been entered into between Sine and Danner and Local 992.

■ There can be no doubt that the district judge was well aware of this position regardless of receipt of the letter. The letter did not contain any information that was not already before the judge in the case. Even if the judge was not aware previously that Mitchell would not comply with an order to which it was not a party, what bearing this information had on Sine and Danner's case is not explained, nor explainable, we suggest. A suggestion of impropriety is no better than frivolous, we think. A judge's actions or experience in a case or related cases or attitude derived from his experience on the bench do not constitute a basis to allege personal bias. *Shaw*, 733 F.2d at 308. We find, therefore, that the letter is not a sufficient basis for an assertion of personal rather than judicial bias.

■ Section 144 also explicitly requires that a motion for recusal must be timely made. Under the language of the statute a motion for recusal must be made no later than 10 days before commencement of the term of court at which the suit is to be entertained, or a party must show good cause why the motion is brought after this time. *Wilkins v. Rogers*, 581 F.2d 399, 406 (4th Cir.1978). In general, motions to recuse must be filed at the first opportunity after discovery of the facts tending to prove disqualification. *Duffield v. Charleston Area Medical Center*, 503 F.2d 512, 515 (4th Cir.1974); *Chafin v. United States*, 5 F.2d 592, 595 (4th Cir.), cert. denied, 269 U.S. 552, 46 S.Ct. 18, 70 L.Ed. 407 (1925).

■ Here, appellants' counsel admitted that he learned of the ex parte communication sometime before May 1979, yet did not file the motion to recuse until April 26, 1985. Thus, the appellants allowed the judge to continue to preside in the case for some six years after learning of the action which forms the basis of their motion. During this six-year period, the judge ruled on numerous motions in the case, including opposing motions for summary judgment on three different occasions.[1] Appellants' motion for recusal came only after the judge entered a default judgment against the appellants as a sanction for failing to cooperate in discovery.

We hold, therefore, as an alternate ground of decision, that appellants' motion

1. During the period from May 1979 to April 26, 1985, the docket reveals that the judge considered at least 15 separate motions and entered four orders in the case. The docket entries for this period include: a motion by defendant Mitchell Transport to strike plaintiffs' request of a jury trial; Mitchell Transport's motion for summary judgment; defendant Local 992's motion for summary judgment; plaintiffs' motion for partial summary judgment; order denying plaintiff's motion for partial summary judgment and granting defendants' motions for summary judgment (this ruling was appealed, vacated in part and remanded); defendant Eastern Conference of Teamsters' motion for enlargement of time to complete discovery; Local 992's motion for summary judgment; Eastern Conference of Teamsters' motion for summary judgment; plaintiffs' motion for partial summary judgment; Local 992's motion for a protective order; Eastern Conference of Teamsters' motion for a protective order; order denying plaintiffs' motion for partial summary judgment and granting defendants' motions for summary judgment (this ruling was appealed, vacated in part and remanded); plaintiffs' motion for relief from judgment; Local 992's motion to strike plaintiffs' requested remedies; Local 992's motion for summary judgment; plaintiffs' motion for partial summary judgment; Local 992's motion to postpone trial; order denying plaintiffs' motion for summary judgment; order entering a default judgment against plaintiffs for failing to cooperate in discovery.

for recusal was not timely made as required under § 144. *In re Millman,* 439 F.2d 412, 414–15 (4th Cir.1971); see also *Franks v. Nimmo,* 796 F.2d 1230, 1234 (10th Cir.1986) (courts may consider whether affiant has participated in substantial pre-trial motions between the time he learned of the asserted bias and the time he filed the § 144 recusal motion); *In re International Business Machines Corp.,* 618 F.2d 923 (2nd Cir.1980) (motion for recusal untimely after seven years of pre-trial and trial proceedings). To allow appellants' motion would encourage abuse of § 144 by allowing a party to gather evidence of a judge's possible bias and then wait and see if the proceedings went his way before using the information to seek recusal. See *Chafin,* 5 F.2d at 595.

Appellants also contend that the district court erred in allowing appellees' counsel to question the integrity of appellants' counsel, in excluding certain evidence, in prejudicially summing up the testimony of appellants' expert, and in instructing the jury on breach of contract. We find no merit in these arguments.

Accordingly, the judgment of the district court is

AFFIRMED.