983 F.2d 1059
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David A. TAGGART; James H. Taggart, Defendants-Appellants.
UNITED STATES of America, Plaintiff-Appellee,
v.
David A. TAGGART; James H. Taggert, Defendants-Appellants.
 No. 92-6468.
 No. 92-6469.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 28, 1992
Decided: January 21, 1993
 
 Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CR-88-206-C, CA-91-389-C-C-P, CA-91-390-C-C-P)
 Ben Cotten, COTTEN, DAY & SELFON, Washington, D.C., for Appellants.
 Karen Marie Quesnel, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.
 James A. Bruton, Acting Assistant Attorney General, Robert E. Lindsay, Alan Hechtkopf, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Thomas J. Ashcraft, United States Attorney, Charlotte, North Carolina, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, HALL, Circuit Judge, and DOUMAR, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 Appellants, David and James Taggart, were each convicted on July 25, 1989, of one count of conspiracy to commit tax evasion, 18 U.S.C. § 371, and four counts of income tax evasion, 26 U.S.C. § 7201. The district court ordered David Taggart to serve a total of forty-one (41) months for the two counts subject to the United States Sentencing Guidelines and three consecutive five (5) year terms for the counts not governed by the Guidelines. The court sentenced James Taggart to a total of thirty-three (33) months on the two Guidelines counts and three consecutive five (5) year terms on the nonGuidelines counts. In February of 1990, Appellants withdrew their appeals from these convictions and sentences.
 
 
 2
 Appellants chose instead to pursue reductions in their sentences pursuant to Rule 35 of the Federal Rules of Criminal Procedure.[1] On October 12, 1990, the district court granted the Rule 35 motions. The court reduced each Appellant's Guidelines sentence by two years: David Taggart's from forty-one (41) months to seventeen (17) months, James Taggart's from thirty-three (33) months to nine (9) months. The court also reduced each Appellant's sentence on one of the three non-Guidelines counts from five (5) years to two (2) years, thus lowering the non-Guidelines sentence from a total of fifteen (15) years to a total of twelve (12) years. On Appellants' motions for reconsideration, the district court refused to further reduce Appellants' sentences.
 
 
 3
 On November 7, 1991, Appellants filed motions under 28 U.S.C. § 2255 seeking relief from their sentences and motions under 28 U.S.C. §§ 144 and 455(a) and (b)(1) requesting that the district judge recuse himself from considering their § 2255 motions due to his alleged bias against Appellants. Appellants now appeal from the district court's denial of their motions for relief and recusal. Finding no error, we affirm.
 
 I.
 
 4
 The crux of Appellants' argument in support of their recusal motions is Appellants' connection to James O. Bakker. Bakker, the former televangelist and leader of the PTL ("Praise the Lord" and "People that Love") corporation, was convicted of one count of conspiracy, 18 U.S.C. § 371, and numerous counts of wire fraud, 18 U.S.C. § 1343, and mail fraud, 18 U.S.C.s 1341, based on his schemes to finance a Christian family retreat called"Heritage U.S.A." See United States v. Bakker, 925 F.2d 728, 731-32 (4th Cir. 1991). Bakker received a sentence of forty-five (45) years in prison. Id. at 732.
 
 
 5
 On appeal, a panel of this Court found no error during Bakker's trial, which "was fairly conducted in the face of trying circumstances," but vacated the sentence and remanded the case for resentencing by another judge. Id. at 741. The panel based its decision regarding Bakker's sentencing on one comment made by the district court at the sentencing hearing: "[Bakker] had no thought whatever about his victims and those of us who do have a religion are ridiculed as being saps from money-grubbing preachers or priests." Id. at 740.
 
 
 6
 The panel vacated the sentence based on its "apprehension that the imposition of a lengthy prison term here may have reflected the fact that the [trial] court's own sense of religious propriety had somehow been betrayed." Id. at 741. On remand, Bakker received a sentence of eighteen (18) years.
 
 
 7
 Appellants were tried and sentenced by the same district judge who tried and originally sentenced Bakker. Appellants contend that because the district court knew them to have been associated with Bakker, any bias against Bakker demonstrated in the Bakker sentencing hearing would likely infect any action by the court in Appellants' cases. We review the district court's denial of Appellants' recusal motions under 28 U.S.C. §§ 144 and 455 for abuse of discretion. See, e.g., United States v. Owens, 902 F.2d 1154, 1157 (4th Cir. 1990). Finding no merit in Appellants' arguments concerning § 144, § 455(a), or § 455(b)(1), we conclude that the district court did not abuse its discretion by denying the recusal motions.
 
 
 8
 First, Appellants argue that the district court erred by finding their motions under § 144 to be untimely.[2] The law of this circuit is clear, however, that timeliness is required under boths 144 and § 455. See Owens, 902 F.2d at 1155-56 (§§ 144 & 455); Sine v. Local No. 992 Int'l Brotherhood of Teamsters, 882 F.2d 913, 915-16 (4th Cir. 1989) (§ 144). To be timely, a recusal motion must be made at the "first opportunity after discovery of the facts tending to prove disqualification." Sine, 882 F.2d at 915.
 
 
 9
 It is clear that Appellants did not make their recusal motions at the "first opportunity." Appellants base their recusal motions on statements made by the district court during Bakker's sentencing in October of 1989. Appellants do not challenge the district court's conclusion that they followed Bakker's proceedings closely and were aware of the comments shortly after they were made. Nevertheless, Appellants filed no motions for recusal when they requested the district court to reduce their sentences pursuant to Rule 35 of the Federal Rules of Criminal Procedure in May, 1990-seven months after the Bakker sentencing. In fact, Appellants did not move for recusal until November 7, 1991-more than two full years after the district court made the statements Appellants contend suggest bias against them.
 
 
 10
 Appellants attribute this delay to their need to await the outcome of Bakker's resentencing in August of 1991. Appellants contend that until Bakker was resentenced to a lower term than imposed by the district court, there was no evidence to support the suspicion of bias raised by this Court's remand of Bakker's sentencing. Appellants seem to believe that had Bakker received as lengthy a sentence on remand as he had originally received, this would disprove concerns that the original sentence had been motivated by offense to the district court's sense of religious propriety. Based on the fact that Bakker received a lighter sentence on remand, Appellants apparently conclude that the suspicion of improper motivation was confirmed.
 
 
 11
 We disagree. The ultimate disposition of Bakker's remand would in neither case disprove or confirm whether improper motivations entered into the district court's sentencing of Bakker. In fact, once Appellants learned of the district court's comments there was no reason for them to await further proceedings in Bakker's case. Neither the outcome of Bakker's appeal nor the outcome of his resentencing provide Appellants with any more evidence of the district court's alleged bias against them than they possessed upon learning of the district court's comments at Bakker's sentencing.
 
 
 12
 This Court has recognized that the timeliness requirement imposed on recusal motions serves to deter not only delay, but also "wait and see" tactics. See Sine, 882 F.2d at 916; Owens, 902 F.2d at 1156. Appellants do not deny having knowledge of the district court's comments shortly after they were made at Bakker's sentencing in October of 1989. Instead of acting upon that information, Appellants instead chose to pursue Rule 35 reduction of sentence motions before the judge whose impartiality they now challenge. Only after obtaining unsatisfactory results from their Rule 35 proceedings did Appellants seek the judge's recusal for bias. This course of action is suggestive of just that sort of "wait and see" tactic that the timeliness requirement seeks to prevent.
 
 
 13
 Second, Appellants challenge the district court's finding that § 455(a) does not require recusal.[3] Appellants agree that the proper inquiry under § 455(a) is, as the district court stated, whether a reasonable basis exists for questioning a judge's impartiality. See Rice v. McKenzie, 581 F.2d 1114, 1116, 1118 (4th Cir. 1978). Appellants contend, however, that an objective person could not fail to question the district judge's impartiality given his statement at Bakker's sentencing and his knowledge of Appellants' connection with Bakker.
 
 
 14
 We find no abuse of discretion in the district court's rejection of this argument. Appellants had been convicted and sentenced prior to the time that the district court made the comment at Bakker's sentencing. In Bakker, this Court found the district court's comment only to indicate possible bias in Bakker's sentencing, but not to have infected even prior proceedings in Bakker's own case. 925 F.2d at 740-41. It seems unlikely that a comment which did not infect prior proceedings in the case in which it was made would infect Appellants' prior, separate proceedings-especially given the greater risk that the district court would be influenced by considerations of religious propriety in Bakker's prosecution for defrauding religious followers than in Appellants' prosecution for tax evasion.
 
 
 15
 As noted by the district court, Appellants failed to present any comments indicating bias which were made by the district court during Appellants' proceedings. To the contrary, the district court indicated an absence of bias by granting substantial reductions in Appellants' sentences. In short, we find no merit in Appellants' contention that the district court erred in concluding that a reasonable person would not question the court's impartiality in this case.
 
 
 16
 Third, Appellants assert that the district court erred in holding that 28 U.S.C. § 455(b)(1) does not require recusal. Section 455(b)(1) provides, in relevant part, that a judge shall disqualify himself or herself " [w]here he has a personal bias or prejudiceconcerning a party." The district court interpreted this language to require a subjective examination of the court's own impartiality. Appellants do not dispute that § 455(b)(1) contemplates a subjective inquiry, rather they claim that the district judge erred in finding that he possessed no bias against them. Appellants have failed to point to evidence that would suggest that the district court abused its discretion in denying Appellants' § 455(b)(1) recusal motions.
 
 II.
 
 17
 Appellants also appeal from adverse rulings on their motions for relief from their sentences pursuant to 28 U.S.C.s 2255. A magistrate judge recommended denial of Appellants' § 2255 motions in a Memorandum and Recommendation filed April 1, 1992. Appellants filed objections to the Memorandum and Recommendations on two issues: first, that the district court's alleged bias at Appellants' sentencing hearings constitutes a violation of their Fifth Amendment right to Due Process; and, second, that various of the district court's sentencing decisions constitute error. The district court, adopting the Memorandum and Recommendation, dismissed Appellants' § 2255 motions.
 
 
 18
 The crux of Appellants' argument on appeal is that the bias claim is not, contrary to the lower courts' decisions, barred by Appellants' withdrawal of their direct appeals.[4] Specifically, Appellants contend that they did not procedurally default their bias claim by withdrawing their direct appeals in February of 1990, because they had no supportable bias claim until James Bakker was resentenced in August of 1991. Alternatively, if they did procedurally default the bias claim, they should nonetheless be permitted to proceed because they can satisfy the "cause" and "prejudice" standard of United States v. Frady, 456 U.S. 152 (1982) (holding that absent petitioner's showing of "cause excusing" the default and "actual prejudice" from the alleged errors, § 2255 relief barred by procedural default).
 
 
 19
 Appellants' arguments are without merit. We have already rejected Appellants' argument that they needed to await the outcome of Bakker's resentencing prior to pursuing a claim of bias. See supra, pp. 56. The result of Bakker's resentencing sheds no light whatsoever on whether or not the district court harbored bias toward Bakker which might, due to their known connection with Bakker, infect the district court's treatment of Appellants. In short, the basis for Appellants' bias claim arose when the district court made the comment during Bakker's sentencing in October of 1989 which ultimately resulted in this Court ordering Bakker to be resentenced. See United States v. Bakker, 925 F.2d 728 (4th Cir. 1991). Thus, when Appellants obtained dismissal with prejudice of their direct appeals in February of 1990, they possessed a bias claim which was no less supportable than it is today.
 
 
 20
 While it may be the case that mere failure to assert a constitutional claim on appeal does not bar relief under § 2255, see Davis v. United States, 417 U.S. 333, 346 n.15 (1974); cf. Kaufman v. United States, 394 U.S. 217, 219-24 (1969), where § 2255 petitioners have deliberately bypassed the appellate process such relief is foreclosed. See United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981); Widgery v. United States, 796 F.2d 223 (8th Cir. 1986); cf. Kaufman, 394 U.S. at 220 n.3 (stating that search and seizure claim was not barred in § 2255 proceeding merely by petitioner's failure to assert it on appeal, but expressly noting that petitioner had not engaged in a deliberate bypass of appeal). A deliberate bypass exists where there is "a deliberate choice not to appeal made by conscious election" if "petitioner sought to gain a tactical or strategic advantage by foregoing the direct appeal." Capua, 796 F.2d at 1037. Here, Appellants made the considered decision to withdraw their appeals with prejudice in order to pursue the Rule 35 motions for reduction of sentence. We agree with the district court that under these circumstances Appellants have engaged in a deliberate bypass of the appellate process.
 
 
 21
 The parties assume that Appellants may escape the consequences of bypassing the appellate process if they can satisfy Frady 's "cause" and "prejudice" test. We need not address the accuracy of that assumption because Appellants have established neither "cause" excusing their default nor "prejudice" stemming from the district court's alleged bias. The only "cause" which Appellants offer was their supposed inability to support a bias claim until the time of Bakker's resentencing. We have already expressed our reasons for rejecting this argument. See supra, pp. 5-6. Thus, the timing of Bakker's resentencing does not constitute "cause" excusing Appellants' failure to pursue the bias claim on appeal.
 
 
 22
 Appellants have also failed to make a showing of"prejudice." We have already rejected Appellants' argument that their connection to James Bakker established bias sufficient to require recusal under 28 U.S.C. §§ 144 or 455. See supra, pp. 7-8. Having failed to make a sufficient showing of bias under § 455, Appellants have clearly fallen short of the "more rigorous standard[ ] for judicial disqualification" established by the Due Process Clause. Aiken County v. BSP Div. of Envirotech Corp., 866 F.2d 661, 678 (4th Cir. 1989) (quoting Aetna Life Ins. Co. v. Lavoie, 106 S.Ct. 1580, 1585, 1589 (1986) (holding that general allegations of bias or prejudice would require disqualification under the Due Process Clause "only in the most extreme of cases")).
 
 
 23
 Appellants refer to several of the district court's rulings as additional evidence of that court's alleged bias against them. Appellants infer bias from the district court's decision to address their recusal motions prior to referring their § 2255 motions to a magistrate judge; from the alleged excessiveness of their sentences; from the district court's alleged misapplication of the United States Sentencing[5] Guidelines; and, finally, from the district court's decision not to award a more substantial reduction in their sentences pursuant to their Rule 35 motions. Appellants cannot, however, establish their claim of bias "merely based upon the judge's rulings in this case or related cases." See Shaw v. Martin, 733 F.2d 304, 308 (4th Cir.), cert. denied, 469 U.S. 873 (1984); United States v. Carmichael, 726 F.2d 158, 160 (4th Cir. 1984). Accordingly, in the absence of any other support for the conclusion that the district court was biased against them, Appellants have failed to demonstrate any prejudice resulting from the alleged bias of the district court in this case.
 
 
 24
 In sum, we find no error in the lower court's denial of Appellants' § 2255 motions due to Appellants' deliberate bypass of the appellate process in regard to their claims of bias.
 
 III.
 
 25
 For the foregoing reasons, we affirm the district court's denial of Appellants' motions for recusal under 28 U.S.C.ss 144, 455(a) & 455(b)(1), and its denial of Appellants' motions for relief from their sentences under 28 U.S.C. § 2255.
 
 AFFIRMED
 
 
 [1]
 The Court heard Appellants' Rule 35 motions at a hearing in which the Court also entertained the Government's motion to reduce the Appellants' sentences based on their substantial assistance
 
 
 [2]
 28 U.S.C. § 144 states, in part, that:
 Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
 
 
 [3]
 28 U.S.C. § 455(a) providesthat, "[a]ny justice, judge, or magistrateof the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."
 
 
 [4]
 Appellants have raised no issue concerning the denial of their § 2255 motions insofar as those motions seek relief based on errors in sentencing. Appellants address sentencing error only as support for an inference that the district court was biased against them
 
 
 [5]
 Appellants assert that the district court erred in its application of the United States Sentencing Guidelines by imposing upward adjustments under § 3B1.1(c) (conspiracy organizer or leader),s 3C1.1 (obstruction of justice), § 2T1.3 (use of sophisticated means), andss 5K2.0 and 5K2.7 (departure for disruption of governmental function)