16 F.3d 1218
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Virgil COCHRAN; Thomas Cochran, Plaintiffs-Appellants,
v.
Martha D. NELSON, et al.; Lara Becker; Fred Butcher,
Individually and d/b/a Butcher & Son Demolition,
Defendants-Appellees.
 No. 93-3521.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1994.
 
 1
 Before: KEITH and RYAN, Circuit Judges, and JOHNSTONE, Senior District Judge.*
 
 ORDER
 
 2
 Virgil and Thomas Cochran appeal a district court order dismissing a civil rights complaint filed by Virgil on his own behalf and as "agent-in-fact" for his son, Thomas, under 42 U.S.C. Secs. 1983, 1985, 1986, and 1988. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The Cochrans sued 35 public and private defendants, alleging violations of their rights under the First, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments, the Ex Post Facto Clause, and Ohio law. The claims involved two separate properties owned by Thomas Cochran, hereafter called the "Alberta Property" and the "Turkeyfoot Property." The complaint alleged that repairs to a septic system installed upon property adjoining the Alberta Property violated state regulations and encroached upon Cochran's property, contaminating the groundwater. The Cochrans claimed that the neighbors were improperly granted a variance, but that an application filed by Virgil Cochran for a septic system to be installed on the Alberta Property was wrongfully denied. The complaint further alleged that electrical service to the Turkeyfoot Property was wrongfully terminated and that the structures located on that property were demolished and removed without due process. Various defendants were also alleged to have conspired with each other to deprive the Cochrans of their civil rights. The complaint sought monetary damages and writs of mandamus.
 
 
 4
 A number of the defendants filed motions to dismiss or for summary judgment. On March 5, 1993, the magistrate judge issued a report and recommendation to which timely objections were filed. Virgil Cochran also filed an "affidavit of bias and prejudice" against Judge Matia. Following de novo review, the district court dismissed with prejudice all federal claims submitted by Virgil Thomas, and dismissed without prejudice all federal claims submitted by Thomas Cochran, noting that Thomas was not properly represented by an attorney during the proceedings. The court also dismissed all pendent state claims without prejudice.
 
 
 5
 On appeal, Virgil Cochran argues that: (1) the district court was barred from ruling on their claims until the validity of their affidavit of bias and prejudice was determined, (2) the district court erred in dismissing the claims against 16 defendants who did not file motions to dismiss or for summary judgment, (3) the district court erred in dismissing the complaint before ruling on their motions to file amended complaints, (4) Virgil Cochran had standing to sue through his ownership interest in personal property and contractual rights in the real property, (5) the district court ignored the defendants' violation of their Fourth Amendment right to be free from unreasonable searches and seizures, and (6) the district court erred in finding no due process violation relating to the seizure and destruction of the Turkeyfoot Property. (We note that, although both Virgil and Thomas signed the notice of appeal, only Virgil signed the appellate brief.) Upon review, we affirm the district court's order.
 
 
 6
 The district court did not commit reversible error by ruling on this case without issuing a determination regarding Virgil Cochran's affidavit of bias and prejudice. A court's failure to pass on the sufficiency of a submitted affidavit of bias or prejudice does not constitute reversible error if the affidavit is insufficient as a matter of law. Sine v. Local No. 992 Int'l Bhd. of Teamsters, 882 F.2d 913, 914 (4th Cir.1989); Hepperle v. Johnston, 590 F.2d 609, 613 (5th Cir.1979). A bias sufficient to justify recusal under both 28 U.S.C. Secs. 144 and 455 must be a personal bias as distinguished from a judicial one. United States v. Meester, 762 F.2d 867, 884-85 (11th Cir.), cert. denied, 474 U.S. 1024 (1985); United States v. Story, 716 F.2d 1088, 1090 (6th Cir.1983). Cochran's affidavit is wholly insufficient to allege bias under this standard because his supporting bases arise solely from the judge's association with the proceedings. Thus, the district court did not err by entering its order in this case.
 
 
 7
 Further, the district court did not err by disposing of all of the defendants' claims even though not all filed motions to dismiss or for summary judgment. "[D]istrict courts are widely acknowledged to possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence." Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). Because over half of the 35 defendants filed dispositive motions, including motions for summary judgment, the Cochrans were clearly on notice to present all of their evidence. Indeed, Virgil responded to these motions with lengthy replies, supplemented by affidavits and exhibits. The district court's grounds for granting summary judgment to the defendants applied to the claims against the non-moving defendants, as well as those defendants who filed motions. Thus, there was no prejudice in the district court's exercise of judicial economy in disposing of all of the plaintiffs' claims.
 
 
 8
 Virgil Cochran next argues that the district court erred in dismissing the plaintiffs' complaint without ruling on their motions to amend the complaint. After a responsive pleading is served, amendment to the complaint is permitted only by leave of the court. See Fed.R.Civ.P. 15(a). The decision of the district court is reviewed for abuse of discretion. See Foman v. Davis, 371 U.S. 178, 182 (1962); Robinson v. Michigan Consol. Gas Co., 918 F.2d 579, 591 (6th Cir.1990).
 
 
 9
 On December 7, 1992, a "motion for permission to proceed on first amended complaint" was filed. This motion specifically stated that it was the first amended complaint filed in the action, and provided names for employees of Summit County, referred to as John Does in the original complaint. The magistrate judge discussed the amended complaint in his report and recommendation and found it defective because Virgil was still named as a plaintiff and was still attempting to legally represent Thomas, even though Thomas did, at least, sign this pleading. Moreover, it is noted that no new allegations were presented that would establish violations of either Cochran's civil rights. The district court's acceptance of the magistrate judge's recommendations constituted a denial of the proposed amendment. This action did not constitute an abuse of discretion because, as the magistrate judge concluded, the amendment did not cure the deficiencies of the complaint. See Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1041-42 (6th Cir.1991).
 
 
 10
 Virgil Cochran appeals the district court's dismissal of his federal claims because he was not a real party in interest and, therefore, lacked standing. He argues that his ownership interest in the personal property located at the Turkeyfoot Property and his contractual arrangement with his son as to both properties were sufficient to confer standing.
 
 
 11
 Standing is a threshold requirement to any suit. Heimberger v. School Dist. of City of Saginaw, 881 F.2d 242, 245 (6th Cir.1989). The plaintiff must be the proper proponent of the rights on which the action is based. Haskell v. Washington Township, 864 F.2d 1266, 1275-76 (6th Cir.1988). Because Virgil Cochran is not the owner of either the Alberta Property or the Turkeyfoot Property, the injuries to those properties were not personal to him and he is not the proper proponent of the rights upon which the federal actions involving those properties are based. The contract by which Virgil agreed to "maintain" the Turkeyfoot property in return for storage rights there is insufficient to support his federal claims. The alleged conversion of Virgil's personal property may be raised in state court.
 
 
 12
 We decline to address the remaining issues raised in Virgil's appellate brief, which relate to the merits of Fourth and Fourteenth Amendment claims regarding the Turkeyfoot Property. Instead, we affirm the district court's dismissal of Thomas Cochran's federal claims without prejudice because he was not represented by an attorney in this action. Because Virgil Cochran is not an attorney, he may not represent his son in federal court. See 28 U.S.C. Sec. 1654; Amann v. Stow School Sys., 982 F.2d 644, 648 n. 2 (1st Cir.1992); Lewis v. Lenc-Smith Mfg. Co., 784 F.2d 829, 830 (7th Cir.1986) (per curiam).
 
 
 13
 Finally, the district court clearly acted within its discretion in dismissing without prejudice the pendent state claims. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 722 (1966).
 
 
 14
 Accordingly, the district court's order of dismissal, entered on April 1, 1993, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Edward H. Johnstone, Senior U.S. District Judge for the Western District of Kentucky, sitting by designation