**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4341**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERRENCE DANIELS, a/k/a Terrance Daniels,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, District Judge.  (CR-04-330)

———————

Submitted:  March 31, 2006          Decided:  April 18, 2006

———————

Before WILKINSON, WILLIAMS, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Andrew R. Mackenzie, BARRETT MACKENZIE, L.L.C., Greenville, South Carolina, for Appellant.  William Kenneth Witherspoon, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Terrence Daniels appeals his convictions and resulting life sentence for conspiracy to distribute in excess of fifty grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846 (2000) and 841(a)(1), (b)(1)(A),(B) (2000); possession with intent to distribute fifty grams or more of cocaine base, 500 grams or more of cocaine, 100 grams or more of heroin, and quantities of marijuana and MDMA (Ecstasy), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A),(B),(C) (2000); possession with intent to distribute five grams or more of cocaine base, 500 grams or more of cocaine powder, and a quantity of heroin, and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (2000) and 18 U.S.C. § 2 (2000); possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (2000); felon in possession of stolen firearms that had been shipped and transported in interstate and foreign commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (2000); and using and carrying a firearm during and in relation to, and in furtherance of, a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1),(2) (2000). We affirm.

Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no non-frivolous grounds for appeal, but questioning whether: (1) the district court abused

- 2 -

its discretion when it denied Daniels' motion for recusal; (2) the district court erred when it denied Daniels' motion to suppress seized contraband and other items taken from Daniels; and (3) the district court erred when it denied Daniels' motion to suppress all statements made by him. Daniels was informed of the opportunity to file a pro se supplemental brief, but did not do so. The Government has not filed a responding brief.

Daniels first asserts the district court erred when it denied his motion to recuse based on comments made at the sentencing of Tracey Pinckney, Daniels' codefendant, and comments made at Daniels' status of counsel hearing. The district court denied the motion for recusal under 28 U.S.C. § 144 (2000) and under 28 U.S.C. § 455 (2000).

Under § 144, a judge shall recuse himself in cases in which the party seeking recusal files a timely and sufficient affidavit stating the judge has a personal bias or prejudice either against the affiant or in favor of any adverse party. The affidavit must allege a personal bias from an extrajudicial source. See Sine v. Local No. 992 Int'l Bd. of Teamsters, 882 F.2d 913, 914 (4th Cir. 1989).

In United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003), this court addressed a district court judge's obligation to recuse himself pursuant to § 455. The court stated that recusal is appropriate "if a person with knowledge of the relevant facts might

reasonably question his impartiality." This court reviews recusal decisions for abuse of discretion. United States v. Carmichael, 726 F.2d 158, 162 (4th Cir. 1984). With these standards in mind, we conclude the district court did not abuse its discretion when it denied Daniels' recusal motion.

Daniels next attacks the denial of his motion to suppress evidence. In reviewing the denial of a motion to suppress, we accept the district court's findings of fact unless they are clearly erroneous and review the ultimate legal conclusions de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996). When a suppression motion has been denied, we review the evidence in the light most favorable to the government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

The Fourth Amendment prohibits unreasonable searches, and searches conducted without a warrant are per se unreasonable unless there is a valid exception. Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). Voluntary consent to a search is such an exception. Ferguson v. City of Charleston, 308 F.3d 380, 396 (4th Cir. 2002). Whether a defendant's consent to a search is voluntary is a factual question determined under the totality of the circumstances and reviewed under the clearly erroneous standard. Schneckloth, 412 U.S. at 248-49. We conclude Daniels is not entitled to relief on this claim because he consented to the search

of his residence that resulted in the seizure of evidence used against him at trial.

Daniels contests the voluntariness of his statements to law enforcement officers that resulted in that search on the ground that they were taken in violation of Miranda v. Arizona, 384 U.S. 436 (1966). A statement is voluntary if it is "the product of an essentially free and unconstrained choice by its maker." Schneckloth, 412 U.S. at 225. An analysis of the voluntariness of a statement is derived from the totality of the circumstances. Id. at 226. The relevant determination regarding voluntariness is whether government agents have overborne the defendant's will or left his "capacity for self-determination critically impaired." Id. at 225. We conclude Daniels' consent to search his residence was voluntary and that the district court did not err when it denied his motion to suppress.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Daniels' convictions and sentence.*

---

*This court affirms a sentence imposed after United States v. Booker, 543 U.S. 220 (2005), "as long as it is within the statutorily prescribed range and is reasonable." United States v. White, 405 F.3d 208, 216 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005); see also United States v. Green, 436 F.3d 449, 455-56 (4th Cir. 2006) (discussing factors to be considered in imposing sentence post-Booker). Here, the district court stated that it considered the factors listed in 18 U.S.C. § 3553(a)(1) (2000) and Daniels' circumstances. (Vol. IV at 593). Accordingly, we find Daniels' sentence was reasonable under Booker.

This court requires that counsel inform Daniels, in writing, of the right to petition the Supreme Court of the United States for further review. If Daniels requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Daniels. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
