**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 15-7888
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEE BENTLEY FARKAS,

Defendant - Appellant.

_____

No. 16-6386
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEE BENTLEY FARKAS,

Defendant - Appellant.

_____

Appeals from the United States District Court for the Eastern
District of Virginia, at Alexandria.   Leonie  M.  Brinkema,
District Judge. (1:10-cr-00200-LMB-1)

_____

Submitted:  September 29, 2016      Decided:  October 4, 2016
_____

Before MOTZ and WYNN, Circuit Judges, and DAVIS, Senior Circuit
Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Clifford J. Barnard, Boulder, Colorado, for Appellant. Dana J. Boente, United States Attorney, Karen Ledbetter Taylor, Assistant United States Attorney, Jonathan D. Scharf, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Lee Bentley Farkas challenges the district court's orders denying his motions seeking recusal under 28 U.S.C. §§ 144 and 455(a) (2012) of the district judge who presided over his criminal prosecution and related proceedings. For the reasons that follow, we affirm.

A presiding judge must recuse herself if any party "files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144; see Sine v. Local No. 992 Int'l Bhd. of Teamsters, 882 F.2d 913, 914 (4th Cir. 1989) (describing a "sufficient" affidavit). In evaluating a § 144 motion, the challenged judge considers the legal sufficiency of the allegations in the affidavit but makes no finding as to the truth of those allegations. See Berger v. United States, 255 U.S. 22, 36 (1921); United States v. Vespe, 868 F.2d 1328, 1340 (3d Cir. 1989). However, "[a]ssertions merely of a conclusionary nature are not enough, nor are opinions or rumors." United States v. Haldeman, 559 F.2d 31, 134 (D.C. Cir. 1976) (footnotes omitted). "[T]he facts averred must be sufficiently definite and particular to convince a reasonable person that bias exists . . . ." United States v. Sykes, 7 F.3d 1331, 1339 (7th Cir. 1993).

Under § 455(a), a federal judge is required to recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." The appropriate inquiry is not whether the judge is in fact impartial, but whether, applying an objective standard, "the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses all the facts and circumstances." United States v. DeTemple, 162 F.3d 279, 286 (4th Cir. 1998) (internal quotation marks omitted). Neither a judge's attenuated relationship to a proceeding nor "unsupported, irrational or highly tenuous speculation" is sufficient to require recusal. United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) (internal quotation marks omitted); see In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1313 (2d Cir. 1988). Further, the judge evaluating a § 455 motion or related affidavit is not required to accept the allegations underlying the motion or affidavit as true. In re Beard, 811 F.2d 818, 827 (4th Cir. 1987).

We have thoroughly reviewed the record and discern no reversible error in the district court's denial of Farkas' motions. Rather, our review indicates that Farkas' claims of bias are patently insufficient to warrant recusal of the district judge, based upon either actual or apparent bias. The affidavit supporting Farkas' § 144 motion was rife with

4

speculation and unsupported conclusions and failed to allege sufficient nonconclusory facts to support his claim that the district judge harbored actual bias against him. Further, the contentions and materials underlying Farkas' § 455(a) motion, alleging bias based on the district judge's financial losses during the nationwide economic downturn from 2006 to 2008, provide too tenuous a link between the judge's losses and Farkas' conduct to warrant a reasonable, well-informed individual to question the judge's impartiality. In reaching this conclusion, we discern no abuse of discretion in the court's manner of addressing various declarations provided with Farkas' § 455(a) motion.

In short, while we do not purport to diminish the vital importance of an unbiased judiciary to the proper functioning of the judicial system, Farkas' specific allegations border on the frivolous and fail to provide any legitimate basis for recusal. Because we conclude Farkas' motions are insufficient as a matter of law to warrant recusal, we decline to address the parties' additional arguments regarding the timeliness of Farkas' motions and the application of the safe harbor provision under 28 U.S.C. § 455(d)(4)(i) (2012) to the facts presented.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal

5

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED